**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SEUFULLAH ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1643 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DC COURT SERVICES AND OFFENDER | ) | |
| SUPERVISION AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6), federal defendants DC

Court Services and Offender Supervision Agency, Thomas Williams, Associate Director of

CSOSA, Deandro Baker, CSOSA Branch Director, Wilma Butler, Diane Hardy, Charles

Musgray and Erika Edward, all CSOSA employees, respectfully file this motion to dismiss

plaintiff's complaint. Defendants respectfully refer the Court to the accompanying memorandum

in support of this motion and proposed order.

June 29, 2007                                      Respectfully submitted,


                                              _____/s/_____
                                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                                              United States Attorney


                                              _____/s/_____
                                              RUDOLPH CONTRERAS, DC BAR #434122
                                              Assistant United States Attorney


                                              _____/s/_____
                                              JOHN F. HENAULT, D.C. Bar # 472590
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Washington, DC 20530
                                              (202) 307-1249
                                              (202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| SEUFULLAH ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1643 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DC COURT SERVICES AND OFFENDER | ) | |
| SUPERVISION AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6), federal defendants DC

Court Services and Offender Supervision Agency, Thomas Williams, Associate Director of

CSOSA, Deandro Baker, CSOSA Branch Director, Wilma Butler, Diane Hardy, Charles

Musgray and Erika Edward, all CSOSA employees, respectfully file this motion to dismiss

plaintiff's complaint.

**INTRODUCTION AND SUMMARY**

Plaintiff Seifullah Abdul-Latif Ali, an offender formerly under direct supervision by the

Court Services and Offender Supervision Agency (CSOSA),[1] is suing CSOSA and its employees

Thomas H. Williams, DeAndro Baker, Willa Butler, Diane Hardy, Charles Musgray, and Erika

Edwards for pain and post-traumatic stress syndrome caused by his being supervised by a mental

health unit of CSOSA.  As explained below, the acts allegedly committed by the Defendants

---

[1] CSOSA is a federal agency created by Congress that is responsible for supervising
convicted offenders who are on parole, probation, or supervised release for violations of the
District of Columbia Criminal Code.  *See* Section 1233 of the National Capital Revitalization
and Self-Government Improvement Act of 1997, Pub. Law. 105-33, 111 Stat. 748, codified at
D.C. Official Code § 24-133.

were performed within the scope of their responsibilities, i.e., to supervise Mr. Ali in accordance

with the terms and conditions of his release on parole established by the United States Parole

Commission (USPC).

Plaintiff's suit should be dismissed with prejudice. To the extent that he is suing the

Federal Defendants in their official capacities, his claims are jurisdictionally barred by the

doctrine of sovereign immunity. To the extent that he is suing the Federal Defendants under

*Bivens*,[2] his suit must be dismissed because the Federal Defendants are entitled to absolute, if not

qualified, immunity for acts taken at the direction of, or in order to assist, the USPC in carrying

out its duties. Moreover, it does not appear that Plaintiff ever effectuated personal service on

any of the individual Federal Defendants. Finally, Plaintiff's lawsuit should be dismissed

because he has failed to state any valid constitutional claim against the Federal Defendants.

## FACTS

Plaintiff Seifullah Abdul-Latif Ali, aka Albert Grimes, is an offender who was formerly

supervised by CSOSA and is now under supervision by the United States Probation Office in

Maryland. He was released from prison on or about February 11, 2006 and is currently on

parole for robbery, possession of a firearm during crime of violence and unauthorized use of a

vehicle. *See* Attachment A (Certificate of Parole and Prisoner Release Notification) and

Attachment B (Sentence Monitoring Computation Data). One of the special conditions of

release in his certificate of parole expressly provided as follows:

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S.
388 (1971).

> . . . you **shall be subject to the Special Mental Health After Condition that
> *requires*** that you participate in an in-patient or an out-patient mental health
> program as directed by your Supervision Officer.

*See* Attachment A (Certificate of Parole) at 4 (emphasis added).

Upon his release, Mr. Ali was assigned to Mental Health Team 42, Branch III, Substance

Abuse & Treatment, Community Supervision Services (CSS).  Attachment C (SMART[3] Running

Record Note, dated February 10, 2006).  Ms. Diane Hardy, a Community Supervision Officer

(CSO), was assigned to supervise Mr. Ali.  *See* Attachment D (Running Record Note, dated

February 10, 2006).  Ms. Hardy's supervisor at the time was Supervisory Community

Supervision Officer (SCSO) Willa Butler.  Attachment E (Running Record Note, dated February

10, 2006).   Consistent with the special condition of his parole relating to mental health, on

February 15, 2006, CSO Hardy referred Mr. Ali for a psychological evaluation.  Attachment F

(Request for Psychological Evaluation, dated February 15, 2006).[4]  On April 5, 2006,

supervision of Mr. Ali was assigned to CSO Novia Honeyghan.  *See* Attachment H (SMART

"Offender Profile of Albert Grimes").

On April 27, 2006, Dr. Nuha Abudabbeh, Clinical and Forensic Psychologist, performed

a psychiatric screening of Mr. Ali and in the report concluded that there was "no MH [mental

health] reason [for Mr. Ali] to remain in MH supervision" and recommended that Mr. Ali be

transferred to general supervision."  *See* Attachment I (Psychiatric Screening of Albert Grimes),

at 4.  On May 12, 2006, CSO Honeyghan issued a transfer report, which was approved by SCSO

---

[3] "SMART" is CSOSA's Supervision & Management Automated Record Tracking
system.

[4] Mr. Ali was originally scheduled for an assessment on April 4, 2006.  *See* Attachment
G (Memorandum from Veronica Wilson-Powell, MA, LPC, to CSO Diane Hardy, dated
February 7, 2006).

Butler on May 15, 2006, in which she requested the transfer of Mr. Ali from mental health

supervision "due to his lack of mental health needs" to general supervision. *See* Attachment J

(Transfer Report of CSO Novia Honeyghan) at 2. On May 15, 2006, CSO Honeyghan, in a

memorandum approved by SCSO Butler, notified USPC that, based upon the assessment of Dr.

Abudabbeh, Mr. Ali was "not in need of mental health treatment." *See* Attachment K

(Memorandum from CSO Novia Honeyghan to USPC, dated May 15, 2006). She stated that

Mr. Ali could be transferred from the mental health unit to general supervision and "referred

back to the Mental Health Unit if deemed necessary." *Id.*

On June 14, 2006, CSOSA Drug Testing Technician Erika Edwards reported an incident

to CSO Charles Musgray involving Mr. Ali. *See* Attachment L (Running Record Note of CSO

Charles Musgray, dated June 14, 2006). She informed CSO Musgray of Mr. Ali's attempt to call

her at her work station, of her telling Mr. Ali not to call her again, and of her hanging up after

Mr. Ali attempted to speak with her further. *Id.* CSO Musgray immediately called Mr. Ali to

notify him that he was not to contact Ms. Edwards again. Attachment M (Running Record Note

of CSO Charles Musgray, dated June 14, 2006). After that incident, no further action was taken

to transfer Mr. Ali's supervision from the mental health unit team.

Several days later, CSO Honeyghan had a conversation with Mr. Ali. *See* Attachment N

(Running Record Note of CSO Novia Honeyghan, dated June 19, 2006). In that conversation,

Mr. Ali explained that he was trying to inform Ms. Edwards that his case was going to be

transferred to South Capitol Street. *Id.* On June 23, 2006, SCSO Butler met with Mr. Ali

regarding the telephone incident with Ms. Edwards and instructed him to have no further contact

with Ms. Edwards. *See* Attachment O (Running Record Note of CSO Diane Hardy, dated June

23, 2006).  At the meeting, Mr. Ali allegedly expressed concern about being supervised by a

mental health unit and inquired if he could be reassigned to a CSO at a different CSOSA site. *Id.*

Again, on July 5, 2007, Mr. Ali expressed his dissatisfaction with his supervision being assigned

to a mental health team and requested a meeting with SCSO Butler.  *See* Attachment P (Running

Record Note of CSO Diane Hardy, dated July 5, 2006).

On January 18, 2007, Mr. Ali filed a request to have his supervision transferred from

Washington, D.C. to the State of Maryland.  *See* Attachment Q (Offender's Application for

Interstate Compact Transfer, dated January 18, 2007).  On February 8, 2007, SCSO Butler

signed off on a transfer report that recommended grant of the requested transfer.  *See* Attachment

S (Transfer Report, dated February 1, 2007) at 2.  On April 2, 2007, transfer of Mr. Ali's

supervision to the State of Maryland was accepted by the Probation and Pretrial Services Office

of the District of Maryland, U.S. Probation Office.  *See* Attachment T (Letter from U.S.

Probation Officer Christina Stockton to CSOSA, dated April 2, 2007).

## PROCEDURAL HISTORY

On or about March 27, 2007, CSOSA received a summons and complaint by mail in

which *pro se* plaintiff Seifullah Abdul-Latif Ali named the Agency and Agency employees,

Thomas Williams, DeAndro Baker, Willa Butler, Diane Hardy, Charles Musgray, and Erika

Edwards, as defendants.  All the above-named individual defendants are Agency officials or

employees who serve in the Community Supervision Services (CSS) of CSOSA.  Mr. Williams

is the Associate Director, CSS.  Mr. Baker is Chief, Branch III.  Erika Edwards is a Drug Testing

Technician, Branch VI, Illegal Substance Collection Units – Team 35B.  Charles Musgray is a

Community Supervision Officer (CSO), Branch IIB, General Supervision Unit XI—Team 19.

Willa Butler is a Supervisory CSO, Branch III –Substance Abuse and Treatment, Mental Health Unit – Team 42.  Diane Hardy is a CSO, Branch III – Substance Abuse and Treatment, Mental Health Unit – Team 42.  The individual defendants appear to have been served by mail and none appears to have been personally served by Plaintiff.[5]

Plaintiff alleges that when he was paroled, he was mistakenly made subject to a special condition of mental health counseling imposed by the United States Parole Commission.  He states that he was unable to be released from that condition by the mental health unit of the Agency until he had an assessment from a clinical and forensic psychologist.  According to Plaintiff, even though he had a mental health assessment in April 2006 with a recommendation by the clinical psychologist that Plaintiff be transferred to general supervision, as of the 29th of August, 2006, his transfer to general supervision had not occurred and he was still being supervised by a CSOSA mental health unit.  He alleges that he has not been transferred because he allegedly attempted to contact Ms. Edwards, who, he states, is his ex-girlfriend.

Plaintiff states that there are no legal grounds for his being supervised by a mental health unit.  He seeks $5,000,000 in damages for pain and post traumatic stress syndrome and requests his transfer to a "proper supervision unit" as soon as possible.  He requests a jury trial.

---

[5] If Plaintiff's suit is against the named Federal Defendants in their individual capacities, he is required to serve each of them individually.  *See* Fed. R. Civ. P. 4.  Because plaintiff failed to serve any of the defendants in their individual capacities, any claims construed to be individual capacity claims against these defendants must be dismissed under Federal Rules of Civil Procedure 12(b)(2), (4) and (5).

## ARGUMENT

**I.    Plaintiff's Claims against Federal Defendants in Their Official Capacities Are Jurisdictionally Barred by the Doctrine of Sovereign Immunity**

To the extent Plaintiff is suing Federal Defendants in their official capacities, the suit is barred by the doctrine of sovereign immunity. *See, e.g., Meyer v. Reno,* 911 F.Supp. 11 (D.D.C. 1996); *Marshall v. Reno,* 915 F.Supp. 426 (D.D.C. 1996). Plaintiff's claims against Defendants in their official capacities are, under law, claims asserted against the United States. *Atchison v. District of Columbia,* 73 F.3d 418, 424 (D.C. Cir. 1996) (government officials are not personally liable for damages when sued in their official capacities; damages action is equivalent to one against the government itself). The United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 586, 770 (1941); *United States v. Testan*, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (*quoting Sherwood*); *see also United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). That a plaintiff may name federal employees as defendants in their official capacities does not operate to evade the immunity of the sovereign. *See Clark v. Library of Congress,* 750 F.2d 89, 102-04 (D.C. Cir. 1984).

Therefore, to the extent that Plaintiff seeks money damages against Federal Defendants in their official capacity for alleged constitutional violations, his complaint must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for such claims. *See FDIC v. Meyer,* 510 U.S. 471, 478 (1994) (United States has not waived

sovereign immunity for money damages sounding in constitutional tort); *Chen v. United States,*

854 F.2d 622, 625-26 (2d Cir. 1988) (United States has not waived sovereign immunity for

claims based on violations of constitution, statute, or regulations).[6]  Plaintiff's Complaint does

not assert any colorable basis for such a waiver.  Moreover, as noted above, it does not appear

that Plaintiff ever effectuated personal service on any of the individual Federal Defendants.  *See*

*note 5, supra.*  For the stated reasons given above, Plaintiff's claims should be dismissed.

**II.     To the Extent that Plaintiff's Complaint Is Viewed As Brought Under *Bivens*, It Must Be Dismissed Because Federal Defendants Are Immune From Suit in Their Personal or Individual Capacity**

Even assuming *arguendo* that the individual Federal Defendants were served personally

by the Plaintiff, they would still be entitled to absolute, if not qualified, immunity against

Plaintiff's claims.  It is well-established that members of the judiciary are entitled to absolute

immunity, *Pierson v. Ray,* 386 U.S. 547 (1967), and the Supreme Court has extended this

absolute immunity to certain officials who perform functions closely associated with the judicial

process.  *See, e.g., Butz v. Economou,* 438 U.S. 478 (1978) (hearing examiners entitled to

absolute immunity).  For example, absolute immunity has been extended to parole officials when

they perform tasks that are functionally comparable to those of judges.  *Walrath v. United States,*

35 F.3d 277 (7th Cir. 1994) (parole revocation decisions made by Commissioner and

Commission staff are absolutely immune from suit); *Harper v. Jeffries,* 808 F.2d 281, 284 (3d

---

[6] Because sovereign immunity is jurisdictional in nature, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States* v. *Mitchell*, 463 U.S. 206, 212 (1983).  Here, Plaintiff has failed to assert that the U.S. government has waived sovereign immunity.

Cir. 1986) (absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board).

Moreover, absolute immunity has been extended to the acts of parole officers and other governmental officials taken at the direction of, or in order to assist, the parole board in carrying out its duties. *Sykes v. James,* 13 F.3d 515, 521 (2d Cir. 1993) (parole officer entitled to absolute immunity in § 1983 action that officer submitted false affidavit in revocation proceeding); *Dorman v. Higgins,* 821 F.2d 133, 136 (2d Cir. 1987) (probation officer entitled to absolute immunity in connection with preparation of presentence reports); *Turner v. Barry,* 856 F.2d 1539, 1541 (D.C. Cir. 1988) (probation officers absolutely immune from liability in civil rights action under §1983 for alleged errors in investigation and preparation of presentence reports); *see also Cunningham v. District of Columbia,* 584 A. 2d 573, 577-78 (D.C. 1990) (regardless of status as employee or independent contractor, physician who examined parolee at direction of parole board entitled to absolute immunity). Therefore, the CSS officials and employees named in this case, whose functions are closely related to the judicial process, are also entitled to absolute immunity, and all claims against them in their individual capacities should be dismissed.[7]

---

[7] Similarly, to the extent the Plaintiff is alleging common-law or state law torts, the Federal Defendants are also absolutely immune. *See Owyhee Grazing Association v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[A] federal official cannot be held personally liable in tort for 'acts committed within the outer perimeter of his line of duty.'") (*quoting Clifton v. Cox*, 549 F. 2d 722, 726 (9th Cir. 1977); *Miller v. DeLaune*, 602 F. 2d 198, 200 (9th Cir. 1979) (same). Agents are immune from liability for constitutional torts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitgerald*, 457 U.S. 800, 818 (1982).

9

But, even if it were decided that the individual Federal Defendants were not entitled to absolute immunity, they would still be entitled to qualified immunity from constitutional and statutory claims. *Cleavinger v. Saxner,* 474 U.S. 193, 206 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Hawlow,* 457 U.S. at 818; *Farmer v. Moritsugu,* 163 F.3d 610, 613 (D.C. Cir. 1998); *see* also *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). In other words, in order for a person to have a clearly established right, the right must also be sufficiently clear such that any reasonable government employee should have known they were violating the Constitution. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

In reviewing the applicability of the qualified immunity defense, a two-prong test has been used. First, courts look at whether "the facts show the officer's conduct violated a constitutional right." *Lederman v. United States,* 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted). Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." *Harris v. District of Columbia,* 932 F.2d 10, 13 (D.C. Cir. 1991). Second, the court must determine whether the right was clearly established. *See Butera v. District of Columbia,* 235 F.3d 637, 652 (D.C. Cir. 2001) (holding that in order to assess whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the court must look to decisions of: the Supreme Court, the District of Columbia Circuit, and to the extent there is a consensus, other circuits [that] have

clearly spoken on the lawfulness of the conduct at issue").

In this case, Federal Defendants violated **no** statutory or constitutional right of Plaintiff

when they acted in accordance with their **required** agency responsibilities and duties as

community supervision officers to supervise Plaintiff's compliance with the conditions of parole

established by the USPC.  28 C.F.R. § 2.204(b)(1) expressly authorizes the USPC to impose a

special condition if it "determines that such condition is necessary to protect the public from

further crimes by the releasee and provide adequate supervision of the releasee.  In addition, the

USPC Manual of rules, notes, and procedures provides in Section 2.204-02(c) as follows:

> When a releasee appears to be in need of treatment in the community for a serious
> mental or emotional problem, the Commission may impose a special condition
> requiring such treatment.  Such program may consist of in-patient or out-patient
> treatment.

*See* Attachment U (United States Parole Commission Manual) at 1-2.  In addition, the same

manual at Section 2.204-02(d) states as follows:

> If the Supervision Officer, after analysis and study of a case, believes that a . . .
> mental health aftercare condition is no longer necessary, the Supervision Officer
> may recommend to the Regional Commissioner that the condition be deleted.

*Id.* at 2.  In the instant case, the Agency officials were fulfilling their responsibilities in

accordance with the conditions of parole applicable to release of the Plaintiff and in accordance

with the rules and regulations cited above established by the USPC.  Moreover, even though

Plaintiff was still being supervised by the same CSOSA unit after the psychological assessment

report was completed and concluded that Plaintiff was not in need of mental health treatment, he

no longer received treatment pursuant to the special after-care mental health condition by that or

any other supervisory team assigned to him.  *See, e.g.,* Attachment V (Running Record Note,

dated June 14, 2006 indicating Mental Health Special Condition"[c]ompleted").

Therefore, even if the supervisory responsibilities and duties exercised by the Federal

Defendants were considered to be more executive than judicial or adjudicatory in nature, *see*

*Harper v. Jeffries*, 808 F. 2d 281, 284 (3d Cir. 1986), their alleged actions in performing them

would still be subject to qualified immunity from a suit for damages absent a showing that their

conduct violated a clearly established statutory or constitutional right of which a reasonable

person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Since the

Agency officials acted in accordance with required agency responsibilities and duties, in

furtherance of the offender's supervision and compliance with the terms and conditions of his

parole, they would, at a minimum, be subject to qualified, good-faith immunity from suit for

damage.

### III.    Plaintiff's Claims against Federal Defendants Should Be Dismissed

Finally, even assuming that Plaintiff is attempting to assert a violation of his civil rights

for not being supervised by a general supervision unit after the psychological assessment was

performed, he has not stated a valid constitutional claim against Federal Defendants.  A court

should dismiss a complaint unless plaintiff's factual allegations asserts a "right to relief above

the speculative level.  *Bell Atlantic v. Twombly*, 1275 S.Ct. 1955, 1965 (2007), and

acknowledging that plaintiff is *pro se* purportedly alleging civil rights violations, *see Easton v.*

*Sundram*, 947 F. 2d 1011, 1015 (2d Cir. 19091), *cert. denied*, 504 U.S. 911 (1992), the vague,

generalized, and conclusory allegations pleaded here should be dismissed under Rule 12(b)(6) of

the Federal Rules of Civil Procedure.  *See San Filippo v. U.S. Trust Co.*, 737 F. 2d  246, 256 (2d

Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985).  All of the alleged actions of which Plaintiff

complains were in furtherance of the supervisory responsibilities of the Federal Defendants and

in accordance with Agency rules and regulations, *see* 28 C.F.R. §§ 800.1 *et seq*., and the terms

and conditions provided by the USPC.  Plaintiff has failed to assert any deprivation of liberty or

denial of any other constitutional right occasioned by CSOSA's supervision of Plaintiff.  The

fact that the supervision of Plaintiff was not by the supervisory unit of Plaintiff's choice did not

give rise to a violation of any of the lesser, diminished rights he enjoys under the Constitution as

a parolee.  *See, e.g., Samson v. California,* 126 S.Ct. 2193 (June 19, 2006).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Federal Defendants should be

dismissed with prejudice.

June 29, 2007                                    Respectfully submitted,


                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney


                                        _____/s/_____
                                        RUDOLPH CONTRERAS, DC BAR #434122
                                        Assistant United States Attorney


                                        _____/s/_____
                                        JOHN F. HENAULT, D.C. Bar # 472590
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, DC 20530
                                        (202) 307-1249
                                        (202) 514-8780 (facsimile)

14

## CERTIFICATE OF SERVICE

I certify that on June 29, 2007, I caused copies of the foregoing to be served by first class

mail upon *pro se* plaintiff at:

Seifullah Ali
800 Southern Avenue, SE
Washington, D.C.  20032


                                            _____/s/_____
                                            JOHN HENAULT, D.C. BAR # 472590
                                            Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| SEUFULLAH ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1643 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DC COURT SERVICES AND OFFENDER | ) | |
| SUPERVISION AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF FILING OF EXHIBITS UNDER SEAL**

Defendants hereby give notice that, because the exhibits to their motion to dismiss

contain information protected from public release regarding plaintiff, those exhibits will be filed

with the Court under seal.  A copy of the exhibits will be provided to plaintiff.

June 29, 2007                                Respectfully submitted,


     /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


     /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


     /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SEUFULLAH ALI, | ) ) ) |  |
| Plaintiff, | ) ) | No.: 06-1643 (RMC) |
| v. | ) ) ) |  |
| DC COURT SERVICES AND OFFENDER SUPERVISION AGENCY, *et al.*, | ) ) ) |  |
| Defendants. | ) ) ) |  |

## ORDER

This matter comes before the Court on defendants' motion to dismiss.  After considering

all applicable pleadings, the record herein, and applicable law, it is this _____ day of _____

2007,

ORDERED that defendants' motion is granted.  Plaintiff's claims are hereby dismissed

with prejudice.

_____
Rosemary M. Collyer
United States District Judge