UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEUFULLAH ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1643 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DC COURT SERVICES AND OFFENDER SUPERVISION AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Federal defendants DC Court Services and Offender Supervision Agency, Thomas Williams, Associate Director of CSOSA, Deandro Baker, CSOSA Branch Director, Wilma Butler, Diane Hardy, Charles Musgray and Erika Edwards, all CSOSA employees, respectfully file this reply in support of their motion to dismiss plaintiff's complaint.

**ARGUMENT**

Plaintiff's complaint alleges that when he was paroled, he was mistakenly made subject to a special condition of mental health counseling imposed by the United States Parole Commission. He states that he was unable to be released from that condition by the mental health unit of the Agency until he had an assessment from a clinical and forensic psychologist. According to Plaintiff, even though he had a mental health assessment in April 2006 with a recommendation by the clinical psychologist that Plaintiff be transferred to general supervision, as of the 29th of August, 2006, his transfer to general supervision had not occurred and he was still being supervised by a CSOSA mental health unit. He alleges that he has not been transferred because he allegedly attempted to contact Ms. Edwards, who, he states, is his ex-

girlfriend. Plaintiff further asserts that there are no legal grounds for his being supervised by a mental health unit, and seeks $5,000,000 in damages for pain and post traumatic stress syndrome and requests his transfer to a "proper supervision unit" as soon as possible.

On June 29, 2007, defendants filed their motion to dismiss plaintiff's claims. Defendants argued that plaintiff's claims should be dismissed for several reasons, including lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim. As to the merits of plaintiff's claim that he was subject to a Special Mental Health After Condition while supervised by CSOSA, defendants explained in detail that this condition was a condition of release expressly set by the United States Parole Commission and, although CSOSA requested of the Parole Commission that the condition be lifted, CSOSA had no authority to disregard the conditions of release set by the Parole Commission. Defs' Mtn. to Dismiss pp.11-12.

On July 2, 2007, this Court ordered that plaintiff respond to defendant's motion to dismiss no later than August 2, 2007. Plaintiff filed a motion captioned as "Plaintiff's Motion to Proceed" on July 30, 2007. Although not expressly captioned as an opposition to defendants' June 29 motion to dismiss, defendants presume for the purpose of this reply that plaintiff's motion to proceed is his opposition to defendant's motion to dismiss.

Plaintiff's motion to proceed fails to address the merits of any of the reasons set forth in defendants' motion to dismiss. In light of this fact, plaintiff's complaint should be dismissed in its entirety. Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-

005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

Even if plaintiff had addressed the merits of defendants' defenses, it is clear that plaintiff's complaint should be dismissed. As explained in detail in defendants' motion, this Court lacks subject matter jurisdiction to entertain a claim of constitutional violations for money damages against federal employees in their official capacity. Moreover, plaintiff's claims can not defeat either absolute immunity or qualified immunity. In sum, for the reasons set forth in defendants' motion to dismiss, this Court should dismiss plaintiff's claims in their entirety.

## CONCLUSION

For the reasons set forth in defendants' motion to dismiss, as well as the reasons set forth herein, defendants respectfully request that the Court dismiss plaintiff's claims.

August 6, 2007                                        Respectfully submitted,

                                              /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

                                              /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

                                              /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

      I certify that on August 6, 2007, I caused copies of the foregoing to be served by first class mail upon *pro se* plaintiff at:

Seifullah Ali
3623 Silver Park Drive, # 203
Suitland Park, MD 20746


                                            /s/
                                 JOHN HENAULT, D.C. BAR # 472590
                                 Assistant United States Attorney