UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEIFULLAH ABDUL LATIF ALI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-1643 (RMC) |
| D.C. COURT SERVICES AND OFFENDER SUPERVISION AGENCY, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Seifullah Abdul Latif Ali, proceeding pro se, brought this suit against D.C. Court Services and Offender Supervision Agency ("CSOSA") and its employees Thomas Williams, DeAndro Baker, Willa Butler, Diane Hardy, Charles Musgray, and Erika Edwards (the "Individual Defendants"). Mr. Ali seeks $5,000,000 in damages for pain and post traumatic stress syndrome allegedly caused when CSOSA and the Individual Defendants (collectively "Defendants") erroneously placed him under the supervision of the mental health unit when, he alleges, general supervision would have been sufficient. Defendants move to dismiss on multiple grounds, including Mr. Ali's concession to the motion, sovereign immunity, and absolute immunity.[1] Defendants' motion is well-founded and will be granted.

---

[1] As grounds for dismissal, Defendants also assert failure to serve the Individual Defendants, qualified immunity, and failure to state a claim for violation of any constitutional right. The Court does not reach these issues as other grounds provide a basis for dismissal.

-1-

## I.  FACTS

Mr. Ali, also known as Albert Grimes, is an offender who was placed under the supervision of the CSOSA upon his release from prison on February 11, 2006.  One of the conditions of release in his certificate of parole provided, "you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer."  Defs.' Mem. in Supp. of Mot. to Dismiss, at 3 (citing Att. A).  Thus, when he was released, CSOSA assigned him to the supervision of Mental Health Team 42, Branch III, Substance Abuse & Treatment, Community Supervision Services ("CSS").  On April 27, 2006,  Dr. Nuha Abudabbeh, a clinical and forensic psychologist, performed a psychiatric screening of Mr. Ali.  Dr. Abudabbeh concluded that there was no reason for Mr. Ali to remain in mental health supervision and recommended that he be transferred to general supervision.  On May 15, 2006, Community Supervision Officer ("CSO") Novia Honeyghan issued a report requesting that Mr. Ali be transferred to general supervision.  The report was approved by CSO  supervisor, Willa Butler.

No further action was taken to transfer Mr. Ali to general supervision.  Mr. Ali claims that no action was taken because he contacted CSOSA Drug Testing Technician, Erika Edwards.  Mr. Ali alleges that Ms. Edwards is his ex-girlfriend.  On June 14, 2006, Ms. Edwards reported to CSO Charles Musgray that Mr. Ali had called her and she had hung up on him, telling him not to call her again.  CSO Musgray immediately called Mr. Ali and told him not to call Ms. Edwards again.  On June 23, 2006, supervisor Butler also told Mr. Ali not to call Ms. Edwards again.  Even though Mr. Ali still was supervised by the mental health unit, after June 19, 2006, he no longer received mental health treatment, as CSOSA records indicated that his mental health special

condition was "completed." Defs.' Mem. at 11 (citing Att. V).

On January 18, 2007, Mr. Ali requested that his supervision be transferred from Washington, D.C. to Maryland. This transfer was effectuated on April 2, 2007, and thus Mr. Ali was released from supervision by the CSOSA mental health unit.

Mr. Ali filed suit against Defendants on August 29, 2006, seeking damages for "pain and post stress traumatic syndrome" caused by the allegedly unjustified supervision by the CSOSA mental health unit. Compl. at 2. Defendants moved to dismiss on June 29, 2007. See Defs.' Mot. to Dismiss ("Defs.' Mem.") [Dkt. #15]. In accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court issued an order requiring Mr. Ali to file a response to the motion no later than August 2, 2007, or the case would be dismissed as conceded. Order filed July 2, 2007 [Dkt. #16]. On July 30, 2007, Mr. Ali filed a response, titled "Motion to Proceed." *See* Pl.'s Resp. [Dkt. #17]. Defendants replied on August 8, 2007, and thus the motion is ripe and ready for decision.

## II.  STANDARD OF REVIEW

Defendants move to dismiss the Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject[]matter jurisdiction upon a

federal court." *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations close scrutiny. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). The court is not limited to the allegations contained in the complaint, *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987), but instead may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia*, 334 F.3d at 67; *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III. ANALYSIS

#### A. Motion to Dismiss Conceded

If a plaintiff fails to respond to a motion to dismiss or files an opposition to a motion

to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Here, Mr. Ali filed a response to the motion to dismiss, but the response fails to address any of the arguments presented in the motion. Mr. Ali's response, titled "Plaintiff's Motion to Proceed," merely asks the Court to "move forward to trial on this civil rights matter." Pl.'s Resp. at 1. Thus, Mr. Ali has conceded and Defendants' motion to dismiss will be granted.

### B. Sovereign Immunity

Even if Mr. Ali had not conceded, the motion to dismiss would be granted. Absent a specific waiver, the United States and its agencies are protected from suit by the doctrine of sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also U.S. v. Sherwood*, 312 U.S. 584, 586 (1941) (the U.S. "is immune from suit save as it consents to be sued"). Further, claims against federal employees in their official capacities are deemed to be claims against the United States. Mr. Ali points to no waiver of sovereign immunity. Mr. Ali is barred from bringing suit against CSOSA and the Individual Defendants, in their official capacities, and the Court lacks jurisdiction over such claim.

### C. Immunity

To the extent Mr. Ali seeks to assert a civil rights claim[2] against the Individual Defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau*

---

[2] It is far from clear what constitutional right, if any, Mr. Ali could assert. There is no constitutional liberty interest in supervised release under general supervision as opposed to under the supervision of a mental health unit.

of Narcotics, 403 U.S. 388 (1971),[3] his suit is barred by absolute immunity. Absolute immunity extends to the judiciary for acts within judicial discretion, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), and to officials who perform functions closely associated with the judicial process. *Butz v. Economou*, 438 U.S. 478, 512-14 (1978). For example, absolute immunity applies to the acts of parole officers and the acts of government officials taken at the direction of or to assist the parole board. *Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988) (probation officers immune from liability under § 1983 for alleged errors in investigation and preparation of presentence reports); *Sykes v. James*, 13 F.3d 515, 521 (2d Cir. 1993) (parole officer immune from § 1983 action alleging that the officer submitted a false affidavit in a revocation hearing).

The U.S. Parole Commission may impose a special condition if it determines that such condition is necessary to protect the public and to provide adequate supervision. 28 C.F.R. § 2.204(b)(1). Here, the Individual Defendants applied the special condition of release imposed upon Mr. Ali under the terms of his certificate of parole and placed him under the supervision of the mental health unit. Then, after Mr. Ali had been evaluated and deemed fit for general supervision, CSO supervisor Willa recommended that he be transferred. Even though this transfer was not effectuated before Mr. Ali was transferred to supervision in Maryland, after June 19, 2006, Mr. Ali no longer received mental health treatment because the CSOSA mental health unit deemed the special condition to be "completed." The Individual Defendants are entitled to absolute immunity as their actions were taken at the direction of, or to assist, the parole commission. Thus, Mr. Ali's complaint against the Individual Defendants will be dismissed for failure to state a claim.

---

[3] Mr. Ali's claim does not fall under 42 U.S.C. § 1983 because that statute does not apply to federal officers, such as Defendants here, acting under color of law. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Ranger v. Tenet*, 274 F. Supp. 2d 1, 6 (D.D.C. 2003).

## IV.  CONCLUSION

For the reasons explained above, Defendants' motion to dismiss [Dkt. #15] will be granted, and all other pending motions will be denied as moot.  A memorializing order accompanies this Memorandum Opinion.


Date: March 13, 2008                                  _____/s/_____
                                                                            ROSEMARY M. COLLYER
                                                                            United States District Court